**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARY T. JANETOS, | ) |
| and ERIK KING, | ) |
| on behalf of plaintiffs and a class, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| FULTON FRIEDMAN & GULLACE, LLP | ) |
| and ASSET ACCEPTANCE, LLC, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1.       Plaintiffs Mary T. Janetos and Erik King bring this action to secure redress from unlawful credit and collection practices engaged in by defendants Fulton Friedman & Gullace, LLP and Asset Acceptance, LLC.  Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

2.        The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.       The Illinois Collection Agency Act reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public

1

policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

## VENUE AND JURISDICTION

4.    This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

5.    Venue and personal jurisdiction in this District are proper because:

      a.    Defendants' collection communications were received by plaintiffs within this District;

      b.    Defendants do or transact business within this District.

## PARTIES

6.    Plaintiff Mary T. Janetos is an individual who resides in the Northern District of Illinois.

7.    Plaintiff Erik King is an individual who resides in the Northern District of Illinois.

8.    Defendant Fulton Friedman & Gullace, LLP is a law firm organized as a limited liability partnership organized under New York law.  It does business in Illinois.  It has offices at (1) 130 N. Central Avenue, #200, Phoenix, Arizona 85004, (2) 28 E. Main Street, Ste. 500, Rochester, New York 14614, and (3) 11 East Adams, Suite 906, Chicago, Illinois 60603.

9.    Defendant Fulton Friedman & Gullace, LLP is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

10.    Defendant Fulton Friedman & Gullace, LLP is a debt collector as defined in the FDCPA.

11.    Defendant Asset Acceptance, LLC is a limited liability company organized under Delaware law with its principal place of business in Michigan.  It does business in Illinois.  Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

12.    Defendant Asset Acceptance, LLC is engaged in the business of using the

2

mails and telephone system to collect debts originally owed to others.

13.     Defendant Asset Acceptance, LLC is a debt collector as defined in the FDCPA.

14.     Defendant Asset Acceptance, LLC is a collection agency as defined in the ICAA.

## FACTS RELATING TO MARY JANETOS

15.     Asset Acceptance, LLC and Fulton Friedman & Gullace, LLP have been attempting to collect from plaintiff Janetos a supposed credit card with an account number ending in 7134.

16.     Any such debt would have been for personal, family or household purposes and not for business purposes.

17.     In 2009, Asset Acceptance, LLC, claiming to have purchased the purported debt, filed suit against Ms. Janetos in the Circuit Court of Cook County, case 09-M1-127395.  A copy of Asset Acceptance, LLC's complaint is attached as Exhibit A.

18.      Ms. Janetos won the lawsuit.  A copy of the judgment in her favor is attached as Exhibit B.

19.     The judgment legally extinguished the claimed debt and established that Ms. Janetos did not owe it.

20.     Notwithstanding the adverse judgment, Asset Acceptance, LLC transferred information concerning the supposed debt to Fulton Friedman & Gullace, LLP for the purpose of causing or permitting Fulton Friedman & Gullace, LLP to collect it.

21.     On or about December 12, 2011,  Fulton Friedman & Gullace, LLP sent the counsel for Ms. Janetos a letter (Exhibit C) referencing the supposed credit card with an account number ending in 7134, claiming that the debt had been "transferred" to Fulton Friedman & Gullace, LLP, asserting that there was a "balance past due" of $4,608.90 on such account, and specifically requesting that counsel "share it [the letter] with your client" or "please

3

notify our office" if counsel no longer represented Ms. Janetos.

22.     Fulton Friedman & Gullace, LLP knew or should have known of the lawsuit and the judgment in Ms. Janetos' favor, as otherwise it would not have known that Ms. Janetos had counsel.

23.     It is unclear from Exhibit C whether Fulton Friedman & Gullace, LLP (a) purchased the supposed debt, (b) is attempting to collect the debt as agent of Asset Acceptance, LLC, or (c) is attempting to collect the debt as agent of someone else.

24.     The letter identifies the supposed debt as "Asset Acceptance, LLC Assignee of Chase Bank/ Heritage Chase/ Chase," does not identify any current creditor or owner of the supposed debt as such, and states that "the referenced account has been transferred from Asset Acceptance, LLC to Fulton, Friedman and Gullace, LLP." "Transferred" could mean either that the supposed debt has been purchased by Fulton Friedman & Gullace, LLP or that Fulton Friedman & Gullace, LLP has been assigned to collect it as agent or attorney of a client.

25.     Exhibit C is the initial letter sent by Fulton Friedman & Gullace, LLP in connection with its attempts to collect the supposed debt.

26.     Ms. Janetos was distressed and upset at the continued collection efforts in connection with a "debt" that had been the subject of a lawsuit that Ms. Janetos had won.

## FACTS RELATING TO ERIK KING

27.     Asset Acceptance, LLC and Fulton Friedman & Gullace, LLP have been attempting to collect from plaintiff King an automobile deficiency.

28.     Any such debt would have been for personal, family or household purposes and not for business purposes.

29.     On or about December 12, 2011, Fulton Friedman & Gullace, LLP sent Mr. King a letter (Exhibit D) claiming that the debt had been "transferred" to Fulton Friedman & Gullace, LLP, and asserting that there was a "balance past due" of $17,479.24 on such account.

30.     It is unclear from Exhibit D whether Fulton Friedman & Gullace, LLP (a)

4

purchased the supposed debt, (b) is attempting to collect the debt as agent of Asset Acceptance, LLC, or (c) is attempting to collect the debt as agent of someone else.

31.     The letter identifies the supposed debt as "Asset Acceptance, LLC Assignee of Ameristar", which does not identify any current creditor or owner of the supposed debt as such, and states that "the referenced account has been transferred from Asset Acceptance, LLC to Fulton, Friedman and Gullace, LLP." "Transferred" could mean either that the supposed debt has been purchased by Fulton Friedman & Gullace, LLP or that Fulton Friedman & Gullace, LLP has been assigned to collect it as agent or attorney of a client.

32.     Exhibit D is the initial letter sent by Fulton Friedman & Gullace, LLP in connection with its attempts to collect the supposed debt.

## FACTS – GENERAL

33.     All initial letters sent by Fulton Friedman & Gullace, LLP, whether to putative debtors or attorneys, on debts that Asset Acceptance, LLC previously attempted to collect refer to the role of Fulton Friedman & Gullace, LLP in the same manner as Exhibits C and D, i.e., they identify Asset Acceptance, LLC as assignee of some other entity, state that the debt has been "transferred" to Fulton Friedman & Gullace, LLP, and do not expressly identify who the current creditor or owner of the debt is.

## COUNT I – FDCPA – CLASS CLAIM

34.     Plaintiffs incorporates paragraphs 1-33.

35.     This claim is against Fulton Friedman & Gullace, LLP.

36.     All initial collection letters which Fulton Friedman & Gullace, LLP sent in connection with debts that Asset Acceptance, LLC previously tried to collect fail to comply with 15 U.S.C. §1692g, in that they do not identify the current owner or creditor of the alleged debt in an unambiguous manner.

37.     Section 1692g provides:

**§ 1692g.  Validation of debts**

5

**(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

> **(1) the amount of the debt;**

> **(2) the name of the creditor to whom the debt is owed; . . .**

### CLASS ALLEGATIONS

38.     Plaintiffs bring this claim on behalf of a class, pursuant to Fed. R.Civ.P. 23(a) and (b)(3).

39.     The class consists of (a) all persons with Illinois, Wisconsin or Indiana addresses (b) with respect to whom Fulton Friedman & Gullace, LLP sent an initial letter (c) referring to Asset Acceptance, LLC, and (d) stating that a debt had been "transferred" to Fulton Friedman & Gullace, LLP, (e) without express identification of the current creditor or owner of the debt, as such, (f) which letter was sent on or after a date 1 year prior to the filing of this action and on or before a date 20 days after the filing of this action.

40.     The class is so numerous that joinder of all members is impractical. Plaintiffs allege on information and belief that there are more than 40 members of the class.

41.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common question is whether the initial letters sent by Fulton Friedman & Gullace, LLP identify the current owner or creditor of the debt.

42.     Plaintiffs' claims are typical of the claims of the class members. All are based on the same legal and factual theories.

43.     Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiffs nor plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

6

44.     A class action is the only appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

45.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class and against defendant for:

(1)     Statutory damages;

(2)     Attorney's fees, litigation expenses, and costs of suit;

(3)      Such other or further relief as the Court deems just and proper.

## COUNT II  – FDCPA – INDIVIDUAL CLAIM

46.     Plaintiff Janetos incorporates paragraphs 1-33.

47.     Fulton Friedman & Gullace, LLP engaged in an unfair practice, in violation of 15 U.S.C. §§1692f and 1692f(1), by claiming a balance was owed on a purported debt that had been the subject of a judgment in Ms. Janetos' favor.

48.     Section 1692f provides:

**§ 1692f.        Unfair practices [Section 808 of P.L.]**

**        A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**        (1)     The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

49.     If  Fulton Friedman & Gullace, LLP sent Exhibit C on behalf of Asset Acceptance, LLC, Asset is also liable for such unfair practice.

7

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

        (1)     Actual damages;

        (2)     Attorney's fees, litigation expenses, and costs of suit;

        (3)      Such other or further relief as the Court deems just and proper.

## COUNT III  – ICAA – INDIVIDUAL CLAIM

50.     Plaintiff Janetos incorporates paragraphs 1-33.

51.     This claim is against Asset Acceptance, LLC.

52.     Defendant is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

53.      Section 425/3(d), as amended effective Jan. 1, 2008, makes clear that debt buyers are within its purview by providing that "A person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it . . . Buys accounts, bills or other indebtedness and engages in collecting the same."

54.     Previously coverage was limited to a person who "Buys accounts, bills or other indebtedness with recourse and engages in collecting the same".

55.     By deleting "with recourse," the legislature intended to make clear its intent to classify as a "collection agency" persons who buy charged-off debts for their own account.

56.     In addition, the 2007 amendments repealed the definition of "collection agency" contained in former §425/2.02 and provided a more expansive set of definitions which, among other things, now define a "collection agency" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." 225 ILCS 425/2 (emphasis added).

57.     Thus, one who purchases delinquent debt for himself and engages in any

acts defined as "debt collection" is covered.

58.     Defendant violated the following provisions of 225 ILCS 425/9:

**. . . (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .**

**(31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.**

59.     A private right of action exists for violation of the ICAA.  *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff  and against defendant:

(1)     Compensatory and punitive damages;

(2)     Costs.

(3)     Such other and further relief as is appropriate.


s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
      & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

9

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


s/Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
       & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

10