**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARY T. JANETOS, ERIK KING, PAMELA M. FUJIOKA, IGNACIO T. BERNAVE | ) ) ) | |
| | ) | 12-cv-1473 |
| Plaintiffs, | ) ) | |
| | ) | Judge Thomas M. Durkin |
| v. | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| FULTON FRIEDMAN & GULLACE, LLP and ASSET ACCEPTANCE, LLC, | ) ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED AND CONSOLIDATED COMPLAINT  – CLASS ACTION

### INTRODUCTION

1.     Plaintiffs Mary T. Janetos and Erik King, on behalf of a class, and Pamela M. Fujioka, and Ignacio T. Bernave individually, bring this action to secure redress from unlawful credit and collection practices engaged in by defendants Fulton Friedman & Gullace, LLP and Asset Acceptance, LLC.  Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.     The Illinois Collection Agency Act reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health,

safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

## VENUE AND JURISDICTION

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

5. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' collection communications were received by plaintiffs within this District;

   b. Defendants do or transact business within this District.

## PARTIES

6. Plaintiff Mary T. Janetos is an individual who resides in the Northern District of Illinois.

7. Plaintiff Erik King is an individual who resides in the Northern District of Illinois.

8. Plaintiff Pamela M. Fujioka is an individual who resides in the Northern District of Illinois.

9. Ignacio T. Bernave is an individual who resides in the Northern District of Illinois.

10. Defendant Fulton Friedman & Gullace, LLP is a law firm organized as a limited liability partnership under New York law. It does business in Illinois. It has offices at:

a.      130 N. Central Avenue, Suite 200, Phoenix, Arizona 85004;

b.      28 E. Main Street, Suite 500, Rochester, New York 14614;

c.      130 Gettysburg Pike, Mechanicsburg, PA 17055;

d.      1001 Texas St.,  Suite 500, Houston, Texas 77002;

e.      7350 Grace Dr., Columbia, MD 21044;

f.      15 E. Centre St., Woodbury, NJ 08096-2415 ;

g.      125 S. Water Ave., Gallatin, TN 37066-2902;

h.      6100 Oak Tree Blvd., Suite 200, Independence, OH 44131-6914;

i.      2151 Salvio St., Suite W., Concord, CA 94520-2466;

j.      5 East Van Buren St., Suite 214, Joliet, IL 60432;

k.      Within the building used by Asset Acceptance, LLC at 28405 Van Dyke Ave., Warren, Michigan.

11.     Defendant Fulton Friedman & Gullace, LLP is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

12.     Defendant Fulton Friedman & Gullace, LLP is a debt collector as defined in the FDCPA.

13.     Defendant Asset Acceptance, LLC is a limited liability company organized under Delaware law with its principal place of business at 28405 Van Dyke Ave., Warren, Michigan.  It does business in Illinois.  Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

14.     Defendant Asset Acceptance, LLC is engaged in the business of using the mails and telephone system to collect debts originally owed to others.

15.     Defendant Asset Acceptance, LLC is a debt collector as defined in the FDCPA.

16.     Defendant Asset Acceptance, LLC is a collection agency as defined in the ICAA.

## FACTS RELATING TO MARY JANETOS

17.     Asset Acceptance, LLC and Fulton Friedman & Gullace, LLP have been attempting to collect from plaintiff Janetos a supposed credit card with an account number ending in 7134.

18.     Any such debt would have been for personal, family or household purposes and not for business purposes.

19.     In 2009, Asset Acceptance, LLC, claiming to have purchased the purported debt, filed suit against Ms. Janetos in the Circuit Court of Cook County, case 09-M1-127395. The complaint was filed by an Asset Acceptance, LLC in-house attorney and not Fulton, Friedman & Gullace, LLP. A copy of Asset Acceptance, LLC's complaint is attached as Exhibit A.

20.      Ms. Janetos won the lawsuit. A copy of the judgment in her favor is attached as Exhibit B.

21.     The judgment legally extinguished the claimed debt and established that Ms. Janetos did not owe it.

22.     Notwithstanding the adverse judgment, Asset Acceptance, LLC transferred information concerning the supposed debt to Fulton Friedman & Gullace, LLP for the purpose of causing or permitting Fulton Friedman & Gullace, LLP to collect it.

23.     On or about December 12, 2011, 28 months after the conclusion of the lawsuit, Fulton Friedman & Gullace, LLP sent counsel for Ms. Janetos a letter (Exhibit C) referencing the supposed credit card with an account number ending in 7134, claiming that the debt had been "transferred" to Fulton Friedman & Gullace, LLP, asserting that there was a "balance past due" of

4

$4,608.90 on such account, and specifically requesting that counsel "share it [the letter] with your client" or "please notify our office" if counsel no longer represented Ms. Janetos.

24.    Fulton Friedman & Gullace, LLP knew or should have known of the lawsuit and the judgment in Ms. Janetos' favor, as otherwise it would not have known that Ms. Janetos had counsel.

25.    It is unclear from Exhibit C whether Fulton Friedman & Gullace, LLP (a) purchased the supposed debt, (b) is attempting to collect the debt as agent of Asset Acceptance, LLC, or (c) is attempting to collect the debt as agent of someone else, or (d) has any right to collect the debt at all.

26.    The letter identifies the supposed debt as  "Asset Acceptance, LLC Assignee of Chase Bank/ Heritage Chase/ Chase," does not identify any current creditor or owner of the supposed debt as such, and states that "the referenced account has been transferred from Asset Acceptance, LLC to Fulton, Friedman and Gullace, LLP."

27.    "Transferred" could mean either that the supposed debt has been purchased by Fulton Friedman & Gullace, LLP or that Fulton Friedman & Gullace, LLP has been assigned to collect it as agent or attorney of a client.

28.    Exhibit C is the initial letter sent by Fulton Friedman & Gullace, LLP in connection with its attempts to collect the supposed debt.

29.    Ms. Janetos was distressed and upset at the continued collection efforts in connection with a "debt" that had been the subject of a lawsuit that Ms. Janetos had won.

### FACTS RELATING TO ERIK KING

30.    Asset Acceptance, LLC and Fulton Friedman & Gullace, LLP have been attempting to collect an alleged automobile deficiency from plaintiff King.

31.     Any such debt would have been for personal, family or household purposes and not for business purposes.

32.     In 2008, Asset Acceptance, LLC, claiming to have purchased the purported debt, filed suit against Mr. King in the Circuit Court of Cook County, case 08-M1-138195. The complaint was filed by an Asset Acceptance, LLC in-house attorney and not Fulton, Friedman & Gullace, LLP. A copy of the online docket report is attached as <u>Exhibit D</u>.

33.     At no time did anyone file a motion to (a) substitute parties, which would be appropriate if the debt had been sold, or (b) substitute counsel, which would be appropriate if new counsel were collecting for the same party.

34.     On or about December 12, 2011, Fulton Friedman & Gullace, LLP sent Mr. King a letter (<u>Exhibit E</u>) claiming that the debt had been "transferred" to Fulton Friedman & Gullace, LLP, and asserting that there was a "balance past due" of $17,479.24 on such account.

35.     It is unclear from <u>Exhibit E</u> whether Fulton Friedman & Gullace, LLP (a) purchased the supposed debt, (b) is attempting to collect the debt as agent of Asset Acceptance, LLC, or (c) is attempting to collect the debt as agent of someone else, or (d) has any right to collect the debt at all.

36.     The letter identifies the supposed debt as "Asset Acceptance, LLC Assignee of Ameristar", which does not identify any current creditor or owner of the supposed debt as such, and states that "the referenced account has been transferred from Asset Acceptance, LLC to Fulton, Friedman and Gullace, LLP."

37.     "Transferred" could mean either that the supposed debt has been purchased by Fulton Friedman & Gullace, LLP or that Fulton Friedman & Gullace, LLP has been assigned to collect it

6

as agent or attorney of a client.

38.     Exhibit E is the initial letter sent by Fulton Friedman & Gullace, LLP in connection

with its attempts to collect the supposed debt.

## FACTS RELATING TO PAMELA FUJIOKA

39.     Asset Acceptance, LLC and Fulton Friedman & Gullace, LLP have been attempting

to collect an alleged credit card debt from plaintiff Fujioka.

40.     Any such debt would have been for personal, family or household purposes and not

for business purposes.

41.     In 2009, Asset Acceptance, LLC, claiming to have purchased the purported debt,

filed suit against Mr. Fujioka in the Circuit Court of Cook County, case 08-M1-195877. The

complaint was filed by an Asset Acceptance, LLC in-house attorney and not Fulton, Friedman &

Gullace, LLP. A copy of Asset Acceptance, LLC's complaint is attached as Exhibit F.

42.     On January 4, 2010, Asset Acceptance, LLC obtained an ex-parte default judgment

against plaintiff Fujioka.

43.     On or about December 12, 2011, 23 months after the entry of the ex-parte default

judgment, Fulton Friedman & Gullace, LLP sent Ms. Fujioka a letter (Exhibit G) claiming that the

debt had been "transferred" to Fulton Friedman & Gullace, LLP, and asserting that there was a

"balance past due" of $7,187.26 on such account.

44.     It is unclear from Exhibit G whether Fulton Friedman & Gullace, LLP (a) purchased

the supposed debt, (b) is attempting to collect the debt as agent of Asset Acceptance, LLC, or (c)

is attempting to collect the debt as agent of someone else, or (d) has any right to collect the debt at

all.

7

45.     The letter identifies the supposed debt as "Asset Acceptance, LLC Assignee of Capital One Bank, NA", which does not identify any current creditor or owner of the supposed debt as such, and states that "the referenced account has been transferred from Asset Acceptance, LLC to Fulton, Friedman and Gullace, LLP."

46.     "Transferred" could mean either that the supposed debt has been purchased by Fulton Friedman & Gullace, LLP or that Fulton Friedman & Gullace, LLP has been assigned to collect it as agent or attorney of a client.

47.     Exhibit G is the initial letter sent by Fulton Friedman & Gullace, LLP in connection with its attempts to collect the supposed debt.

## FACTS RELATING TO IGNACIO T. BERNAVE

48.     Asset Acceptance, LLC and Fulton Friedman & Gullace, LLP have been attempting to collect an alleged credit card debt ending in 4431 from plaintiff Bernave.

49.     Any such debt would have been for personal, family or household purposes and not for business purposes.

50.     In 2009, Asset Acceptance, LLC, claiming to have purchased the purported debt, filed suit against Mr. Bernave in the Circuit Court of Cook County, case 09-M1-121384. The complaint was filed by an Asset Acceptance, LLC in-house attorney and not Fulton, Friedman & Gullace, LLP. A copy of Asset Acceptance, LLC's complaint is attached as Exhibit H.

51.     Counsel for plaintiffs here appeared for plaintiff Bernave and, on July 13, 2009, the day of trial, Asset Acceptance, LLC dismissed the case without prejudice. (Exhibits I and J.)

52.     On or about December 12, 2011, 29 months after Asset Acceptance, LLC voluntarily dismissed its case against plaintiff Bernave, Fulton Friedman & Gullace, LLP sent

Mr. Bernave a letter (Exhibit K) claiming that the debt had been "transferred" to Fulton Friedman & Gullace, LLP, and asserting that there was a "balance past due" of $17,479.24 on such account.

53.     It is unclear from Exhibit K whether Fulton Friedman & Gullace, LLP (a) purchased the supposed debt, (b) is attempting to collect the debt as agent of Asset Acceptance, LLC, or (c) is attempting to collect the debt as agent of someone else, or (d) has any right to collect the debt at all.

54.     The letter identifies the supposed debt as  "Asset Acceptance, LLC Assignee of Harlem Furniture/World Financial Network National", which does not identify any current creditor or owner of the supposed debt as such, and states that "the referenced account has been transferred from Asset Acceptance, LLC to Fulton, Friedman and Gullace, LLP."

55.     "Transferred" could mean either that the supposed debt has been purchased by Fulton Friedman & Gullace, LLP or that Fulton Friedman & Gullace, LLP has been assigned to collect it as agent or attorney of a client.

56.     Exhibit K is the initial letter sent by Fulton Friedman & Gullace, LLP in connection with its attempts to collect the supposed debt.

## FACTS – GENERAL

57.     Numerous  initial letters sent by Fulton Friedman & Gullace, LLP, whether to putative debtors or attorneys, on debts that Asset Acceptance, LLC previously attempted to collect refer to the role of Fulton Friedman & Gullace, LLP in the same manner as Exhibits C, E, G, and K, i.e., they identify Asset Acceptance, LLC as assignee of some other entity, state that the debt has been "transferred" to Fulton Friedman & Gullace, LLP, and do not expressly identify who the current creditor or owner of the debt is.

9

58.     On information and belief, based on investigation of counsel, Fulton Friedman & Gullace, LLP manages all of Asset Acceptance, LLC's collection litigation nationally, and has hired a number of attorneys formerly employed in-house by Asset Acceptance, LLC.

59.     On information and belief, Fulton Friedman & Gullace, LLP has access to the files of Asset Acceptance, LLC.

60.     All actions of Fulton Friedman & Gullace, LLP described herein were taken as agent of and attorney for Asset Acceptance, LLC.

61.     The relationship between Fulton Friedman & Gullace, LLP and Asset Acceptance, LLC is not apparent without investigation unlikely to be undertaken by a consumer, or even an attorney for a consumer. Fulton Friedman & Gullace, LLP and Asset Acceptance, LLC actively conceal such relationship.

62.     For example, correspondence (including Exhibits C, E, G, K) sent from the Fulton Friedman & Gullace, LLP office located within the Asset Acceptance, LLC building in Warren, Michigan uses as a return address a post office box not readily identifiable with Asset Acceptance, LLC, instead of the street address of the building.  In order to determine that the offices are within the same building, it is necessary to look up the bar registrations of the  attorneys formerly employed in-house by Asset Acceptance, LLC and now employed by Fulton Friedman & Gullace, LLP.

63.     The relation between Fulton Friedman & Gullace, LLP and Asset Acceptance, LLC was rendered further ambiguous by the failure of Fulton, Friedman & Gullace, LLP to comply with Illinois requirements regarding the filing of appearances.

64.     Prior to receiving the letter at issue, plaintiffs had never heard of Fulton, Friedman & Gullace, LLP. For all plaintiffs knew, Fulton, Friedman & Gullace, LLP did what is described in

an opinion by a New York state judge, *Chase Bank USA, N.A. v. Cardello*, 27 Misc. 3d 791, 896

N.Y.S.2d 856, 857-58 (Richmond Co. Civ. Ct., March 4, 2010):

> Allowing the assignee to give notice would enable dishonest debt collectors to search the court records, obtain the names of judgment debtors and send the debtor a letter stating they have purchased the debt from credit card issuers such as Chase and should make all payments to the third party. Requiring the assignor-credit card issuer to serve the notice would reduce the incidents of fraud in this regard. The federal Fair Debt Collection Practices Act (FDCPA) lists sixteen "false, deceptive or misleading" practices some of which would not be available by requiring a notice of assignment to be given by the assignor to the debtor. The trend in consumer protection law is to require such notice (see Uniform Consumer Credit Code § 3.204) especially in dealing with consumer credit debt where the vast majority of defendants are unrepresented, unsophisticated individuals. As the Court of Appeals stated in *Tri City Roofers, inc. v Northeastern Industrial Park*, 61 NY 2d 779, 781, 461 N.E.2d 298, 473 N.Y.S. 2d 161 (1984): "a judgment debtor is not called upon to search the county's records every time he is served with an execution or desires to make a payment on his debt." The failure to establish that notice of the assignment was given to the debtor makes the assignment ineffective.

## COUNT I – FDCPA – CLASS CLAIM

65.     Plaintiffs Janetos and King incorporate paragraphs 1-64.

66.     This claim is against both defendants.

67.     All initial collection letters which Fulton Friedman & Gullace, LLP sent in

connection with debts that Asset Acceptance, LLC previously tried to collect fail to comply with

15 U.S.C. §1692g, in that they do not identify the current owner or creditor of the alleged debt in

an unambiguous manner.

68.     Section 1692g provides:

**§ 1692g. Validation of debts**

**(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

11

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed; . . .**

### CLASS ALLEGATIONS

69.     Plaintiffs Janetos and King bring this claim on behalf of a class, pursuant to Fed. R.Civ.P. 23(a) and (b)(3).

70.     The class consists of (a) all persons with Illinois, Wisconsin or Indiana addresses (b) with respect to whom Fulton Friedman & Gullace, LLP sent an initial letter (c) referring to Asset Acceptance, LLC, and (d) stating that a debt had been "transferred" to Fulton Friedman & Gullace, LLP, (e) without express identification of the current creditor or owner of the debt, as such, (f) which letter was sent on or after March 1, 2011 (1 year prior to the original filing of this action) and on or before March 21, 2012 (20 days after the filing of this action).

71.     The class is so numerous that joinder of all members is impractical. Plaintiffs allege on information and belief that there are more than 40 members of the class.

72.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common question is whether the initial letters sent by Fulton Friedman & Gullace, LLP identify the current owner or creditor of the debt.

73.     Plaintiffs' claims are typical of the claims of the class members. All are based on the same legal and factual theories.

74.     Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business

practices. Neither plaintiffs nor plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

75. A class action is the only appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

76. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class and against defendants for:

        (1)    Statutory damages;

        (2)    Attorney's fees, litigation expenses, and costs of suit;

        (3)    Such other or further relief as the Court deems just and proper.

## COUNT II – FDCPA – CLASS CLAIM

77. Plaintiffs Janetos and King incorporate paragraphs 1-64.

78. This claim is against both defendants.

79. All initial collection letters which Fulton Friedman & Gullace, LLP sent in connection with debts that Asset Acceptance, LLC previously tried to collect are deceptive or misleading in violation of 15 U.S.C. §§ 1692e and e(10) which provide:

**§ 1692e. False or misleading representations**

**A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt.**

13

> **Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
> **. . . .**
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

80.     The statement in <u>Exhibits C and E</u>, "Please be advised that your above referenced account has been transferred from Asset Acceptance, LLC to Fulton, Friedman & Gullace, LLP", is misleading and deceptive. <u>Exhibits C and E</u> are a misleading and deceptive means to collect a debt.

## CLASS ALLEGATIONS

81.     Plaintiffs Janetos and King bring this claim on behalf of a class, pursuant to Fed. R.Civ.P. 23(a) and (b)(3).

82.     The class consists of (a) all persons with Illinois, Wisconsin or Indiana addresses (b) with respect to whom Fulton Friedman & Gullace, LLP sent a letter (c) referring to Asset Acceptance, LLC, and (d) stating that a debt had been "transferred" to Fulton Friedman & Gullace, LLP, (e) without express identification of the current creditor or owner of the debt, as such, (f) which letter was sent on or after March 1, 2011 (1 year prior to the original filing of this action) and on or before March 21, 2012 (20 days after the filing of this action).

83.     The class is so numerous that joinder of all members is impractical. Plaintiffs allege on information and belief that there are more than 40 members of the class.

84.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common question is whether the initial letters sent by Fulton Friedman & Gullace, LLP identify the current owner or creditor of the debt.

85.     Plaintiffs' claims are typical of the claims of the class members.  All are based on the same legal and factual theories.

86.     Plaintiffs will fairly and adequately protect the interests of the class.  Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiffs nor plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

87.     A class action is the only appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

88.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class and against defendants for:

> (1)     Statutory damages;
>
> (2)     Attorney's fees, litigation expenses, and costs of suit;
>
> (3)     Such other or further relief as the Court deems just and proper.

**COUNT III – FDCPA – INDIVIDUAL CLAIM**

89.     Plaintiffs Fujioka and Bernave incorporate paragraphs 1-64.

90.     This claim is against both defendants.

15

91.    Exhibits G and K fail to comply with 15 U.S.C. §1692g, in that they do not identify the current owner or creditor of the alleged debt in an unambiguous manner. Exhibits G and K fail to comply with 15 U.S.C. §§ 1692e and e(10) because they contain a misleading and deceptive representation and because the letters themselves constitute a deceptive and misleading means to collect a debt.

WHEREFORE, plaintiffs Fujioka and Bernave request that the Court enter judgment in their favor and against defendants for:

(1)    Statutory damages;

(2)    Attorney's fees, litigation expenses, and costs of suit;

(3)    Such other or further relief as the Court deems just and proper.

## COUNT IV – FDCPA – INDIVIDUAL CLAIM

92.    Plaintiff Bernave incorporates paragraphs 1-64.

93.    This claim is against Asset Acceptance, LLC.

94.    Asset Acceptance, LLC was put on notice that plaintiff Bernave was represented by counsel when counsel filed an appearance in the suit brought by Asset Acceptance, LLC against plaintiff Bernave in the Circuit Court of Cook County.

95.    Exhibit K violated 15 U.S.C. § 1692c(a)(2) which provides as follows:

**(a) Communication with the consumer generally**
**Without the prior consent of the consumer given directly to the debt collector or the express consent of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of a debt –**
**. . . .**
          **(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge or, or can readily**

16

**ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from a debt collector or unless the attorney consents to direct communication with the consumer;**

96.    Counsel for plaintiff Bernave neither received any communication from defendants to which counsel did not timely respond nor gave consent to defendants to contact plaintiff Bernave directly with respect to the alleged debt.

WHEREFORE, plaintiff Bernave requests that the Court enter judgment in his favor and against defendants for:

(1)    Statutory damages;

(2)    Attorney's fees, litigation expenses, and costs of suit;

(3)    Such other or further relief as the Court deems just and proper.


s/Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

17

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.  All rights relating to attorney's fees have been assigned to counsel.

<u>s/Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>CERTIFICATE OF SERVICE</u>

   I, Daniel A. Edelman, hereby certify that on March 14, 2013, I caused to be filed the foregoing documents via the CM/ECF System, which caused to be sent notification of such filing to the following parties via electronic mail:

Bradley Sayad
bradley@fultonfriedman.com

Theodore W. Seitz
tseitz@dykema.com

Amy R. Jonker
ajonker@dykema.com

Dawn N. Williams
dwilliams@dykema.com

Robert M. Horwitz
rhorwitz@dykema.com

Alexandria L. Bell
bella@jbltd.com

Jack T. Riley
rileyj@jbltd.com

Zafreen Husain
zhusain@dykema.com

         s/Daniel A. Edelman
         Daniel A. Edelman