# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| MARY T. JANETOS and ERIK KING, on behalf of plaintiffs and a class; PAMELA M. FUJIOKA, individually; and IGNACIO T. BERNAVE, individually;<br><br>Plaintiffs,<br><br>v.<br><br>FULTON FRIEDMAN & GULLACE, LLP, and ASSET ACCEPTANCE, LLC,<br><br>Defendants. | No. 12 C 1473<br><br>Judge Thomas M. Durkin |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Mary Janetos and Erik King filed this purported class action against Fulton Friedman & Gullace, LLP ("FFG") and Asset Acceptance, LLC ("Asset") under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"). R. 86. Their class claims are contained in Counts I and II. Plaintiffs Pamela Fujioka and Ignacio Bernave have filed individual claims under the same Act. Those claims are contained in Counts III and IV. Janetos and King seek class certification as to Counts I and II of their second amended complaint. For the following reasons, their motion for class certification, R. 91, is granted.

## BACKGROUND

Asset Acceptance is a debt collection agency. FFG is a law firm that manages Asset Acceptance's collection litigation. Asset Acceptance purchases debts from original creditors, including banks, credit card companies, and retail stores. In some cases, after attempting to collect a debt itself, Asset Acceptance refers the matter to FFG for

additional collection efforts. In those cases, Asset Acceptance retains ownership of the debt, and FFG acts as its agent.

As is relevant here, on December 12, 2011, FFG sent a collection letter to Janetos's counsel, Daniel Edelman, attempting to collect an extinguished debt. That letter is attached to the second amended complaint as Exhibit C. On December 12, 2011, FFG directly sent King a letter, attempting to collect a debt King still owed. That letter is attached to the second amended complaint as Exhibit E. In Count I of their second amended complaint, the Plaintiffs allege that the letters violate 15 U.S.C. § 1692g, which outlines certain information that a debt collector must send a consumer in a written notice within five days "after the initial communication with the consumer in connection with the collection of any debt." In Count II, the Plaintiffs allege that the letters violate 15 U.S.C. § 1692e and § 1692e(10), which prohibits "false or misleading representations" regarding the collection of any debt.

On August 1, 2012, the Defendants filed a joint motion for judgment on the pleadings. R. 54. The Court denied the motion on March 4, 2013. R. 84. In its ruling, the Court discussed the different standards to apply to the letters in determining whether they violate the FDCPA: the "unsophisticated consumer standard" to letters sent directly to consumers and the "competent attorney standard" to letters sent to attorneys. *Id*. The Court also granted the Plaintiffs' request to file a second amended and consolidated complaint. The Plaintiffs filed that complaint on March 14, 2013. R. 86.

## ANALYSIS

A party seeking to certify a class action must show that the putative class satisfies the four prerequisites of Federal Rule of Civil Procedure 23(a): numerosity, commonality, typicality, and adequacy of representation. *See Messner v. Northshore Univ. Healthsystem*, 669 F.3d 802, 811 (7th Cir. 2012). The action must also satisfy at least one of the three subsections of Rule 23(b). *See id.* Here, the Plaintiffs seek certification under Rule 23(b)(3), which requires a finding that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." This is commonly referred to as "predominance."

Additionally, implicit in Rule 23's express prerequisites is the requirement that a class is "sufficiently definite that its members are ascertainable," *Jamie S. v. Milwaukee Pub. Schs.*, 668 F.3d 481, 493 (7th Cir. 2012), and not so overbroad that it "include[s] a great number of members who . . . could not have been harmed by the defendant's allegedly unlawful conduct." *Messner*, 669 F.3d at 824. District courts have "broad discretion" in determining whether a proposed class satisfies Rule 23. *See Howland v. First Am. Title Inc. Co.*, 672 F.3d 525, 528 (7th Cir. 2012); *see also Wal-Mart Stores, Inc. v. Dukes*, ___ U.S. ___, 131 S. Ct. 2541, 2562 (2011) ("[M]ost issues arising under Rule 23 . . . [are] committed in the first instance to the discretion of the district court."). Certification is only proper, however, "if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have

been satisfied.'" *Comcast Corp. v. Behrend*, ___ U.S. ___, 133 S. Ct. 1426, 1432 (2013) (quoting *Dukes*, 131 S. Ct. at 2551-52).

"Plaintiffs bear the burden of showing that a proposed class satisfies the Rule 23 requirements." *Messner*, 669 F.3d at 811. "The Rule does not set forth a mere pleading standard"; instead, the plaintiff must satisfy Rule 23 "through evidentiary proof." *Comcast Corp.*, 133 S. Ct. at 1432. "It is sufficient if each disputed requirement has been proven by a preponderance of evidence." *Messner*, 669 F.3d at 811 (citing *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 202 (2d Cir. 2008)).[1]

**I.     Numerosity**

In the FFG's response to the Plaintiffs' interrogatories, it stated that letters similar to those sent to Janetos and King were sent to approximately 19,000 addresses in Illinois. Joinder of that number of individuals would be impractical, and the numerosity requirement is easily met.

**II.    Commonality and Predominance**

"Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury" and that "[t]heir claims . . . depend upon a common contention . . . of such a nature that is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 131 S. Ct. at 2551. Each of the

---

[1] In its opposition to the motion, FFG only sets forth arguments regarding the proposed class definition, essentially conceding that the prerequisites for class certification are satisfied. Nevertheless, for completeness, the Court briefly addresses the four prerequisites.

4

letters sent to the purported class members are virtually identical and contain precisely the same language that the Plaintiffs allege violates the FDCPA. The facts are essentially the same—i.e., the parties all received a letter containing similar language. As discussed in the Court's motion to dismiss ruling, looking specifically to the letter sent to Janetos, the heading of the letters provides details of the debt:

> Re: Mary T Janetos
> Asset Acceptance, LLC Assignee of CHASE BANK/HERITAGE CHASE/CHASE
> Original Creditor Acct #: XXXXXXXXXXXX7143
> Fulton, Friedman & Gullace, LLP Acct #: 11-215740
> Balance Due: $4608.90

R. 86-3. The body of the letters begins, "Please be advised that the referenced account has been transferred from Asset Acceptance, LLC to Fulton, Friedman and Gullace, LLP." *Id.* The letters then explain that it is an attempt to collect a debt, that all contact should be directed to FFG, and that if the individual "has already entered into a payment plan or settlement arrangement with Asset Acceptance, LLC, please note that we are committed to honoring the same." *Id.* Finally, the letter is signed by Dave Smith, "Collections Team (Non-Attorney)." *Id.* This information is consistent among all the would-be class members.

Furthermore, the legal questions pertaining to the issues predominate over questions that might affect only individual class members. *See Ramirez v. GLK Foods, LLC*, No. 12-C-210, 2014 WL 2612065, at *6-7 (E.D. Wis. June 11, 2014) (describing the factors to consider when determining whether predominance under Rule 23(b)(3) is satisfied). A ruling that the letters violate or do not violate the FDCPA would be applicable to all of the proposed class members. Any separate proceedings that might be needed to ascertain individual issues would be minor compared to the overall

5

advantages of having this case proceed as a class. *See Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004) ("Rule 23 allows district courts to devise imaginative solutions to problems created by the presence in a class action litigation of individual damages issue," including creating subclasses.).

## III. Typicality

"A claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and [the] claims are based on the same legal theory." *Arreola v. Godinez*, 546 F.3d 788, 798 (7th Cir. 2008) (quoting *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006). There is no question in this case that the claims in this case are all based on the same "event or practice or course of conduct," i.e., a similar letter that FFG sent in regards to a debt allegedly owed.

## IV. Adequacy of Representation

Rule 23(a)(4) requires representative parties to "fairly and adequately represent the class." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). This requirement is meant to address "concerns about the competency of class counsel and conflicts of interest" between the class and its representatives. *Dukes*, 131 S. Ct. at 2551 n.5. No argument has been put forth that there are conflicts among class members or that there are any conflicts or defenses that otherwise might suggest Janetos and King are not adequate class representatives.

## V. Class Definition

With all of the elements satisfied for class certification, the issue is how the class should be defined. This is where FFG opposes the Plaintiffs' motion for class

certification. In Count I of the Plaintiffs' second amended complaint, they define the class as follows:

> (a) all persons with Illinois, Wisconsin or Indiana addresses (b) with respect to whom Fulton Friedman & Gullace, LLP sent an initial letter (c) referring to Asset Acceptance, LLC, and (d) stating that a debt had been "transferred" to Fulton Friedman & Gullace, LLP, (e) without express identification of the current creditor or owner of the debt, as such, (f) which letter was sent on or after March 1, 2011 (1 year prior to the original filing of this action) and on or before March 21, 2012 (20 days after the filing of this action).

R. 86 ¶ 70. The only difference in Count II is the word "initial" is removed from subsection (b). *Id.* ¶ 82.

FFG claims these definitions are inappropriate for two reasons. First, as discussed in the Court's ruling on the motion to dismiss, two standards are applied to the claims at issue—again, the "unsophisticated consumer standard" to letters sent directly to consumers and the "competent attorney standard" to letters sent to attorneys—but the word "persons" in the definition will apply to both. In essence, FFG contends that there are two classes, but the definition does not account for this variance. R. 99 at 2. Second, FFG argues that the definitions are improperly "fail-safe." *Id.* at 3. A "fail-safe" class is "one that is defined so that whether a person qualifies as a member depends on whether the person has a valid claim. Such a class definition is improper because a class member either wins or, by virtue of losing, is defined out of the class and is therefore not bound by the judgment." *Messner*, 669 F.3d at 825 (citing *Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011)).

In their reply, the Plaintiffs propose an alternative class definition:

> All individuals in Illinois to whom FF&G sent a letter on or after March 1, 2011 and on or before March 21, 2012[,] in the form represented by Exhibit E to the Second Amended Complaint.

R. 106 at 3. The Plaintiffs also propose a subclass to rectify the issue of which standard to apply to which group of letters:

> All individuals in Illinois to whom FF&G sent a letter in care of their respective attorneys on or after March 1, 2011 and on or before March 21, 2012[,] in the form represented by Exhibit C to the Second Amended Complaint.

*Id.* They further suggest that "[n]otice to members of subclass could be sent to the addresses of the attorneys as well as to the individuals themselves, if their address is known." *Id.*

These new definitions cure the deficiencies FFG identified. There is no suggestion from the revised definition of the class that a member is only a member of the class if the Plaintiffs are successful. Furthermore, the subclass accounts for the different standards applied to the claims. Accordingly, it would be possible for the Plaintiffs to prevail on the claims with the "unsophisticated consumer standard," yet fail on the others. In other words, there is no automatic win-win situation, which is what FFG seemingly took issue with.

## CONCLUSION

The Plaintiffs' motion for class certification, R. 91, is granted. The following class is certified:

> All individuals in Illinois to whom Fulton Friedman & Gullace, LLP, sent a letter on or after March 1, 2011, and on or before March 21, 2012, in the form represented by Exhibit E to the Second Amended Complaint.

A subclass, defined as follows, is also certified:

> All individuals in Illinois to whom Fulton Friedman & Gullace, LLP, sent a letter in care of their respective attorneys on or after March 1, 2011 and on or before March 21, 2012, in the form represented by Exhibit C to the Second Amended Complaint.

Mary T. Janetos and Erik King are appointed as class representatives. Edelman, Combs, Latturner & Goodwin, LLC, is appointed as class counsel. The parties should confer regarding a proposed notice and the timing of that notice, and be prepared to discuss the next steps of the case at the status conference scheduled for Friday, July 25, 2014, at 9:00 a.m.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: July 21, 2014