UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY T. JANETOS, ERIK KING, PAMELA FUJIOKA, IGNACIO BERNAVE, | ) ) ) | |
| PLAINTIFFS, | ) ) | No. 12 C 1473 |
| v. | ) ) | Judge Thomas M. Durkin |
| FULTON FRIEDMAN & GULLACE, LLP, AND ASSET ACCEPTANCE, LLC, | ) ) ) ) | |
| DEFENDANTS. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs in this case alleged violations of the Fair Debt Collection Practices Act ("FDCPA") arising from confusing language in form debt collection letters they received from Defendant Fulton Friedman & Gullace ("Fulton"). On appeal of entry of summary judgment for defendants, the Seventh Circuit held that Fulton's failure to make mandated disclosures violated the FDCPA as a matter of law. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 319 (7th Cir. 2016). The Seventh Circuit also held that Defendant Asset Acceptance, LLC, as a debt collector, could not escape liability for Fulton's actions taken on its behalf. *Id.* Specifically, the court held that "A debt collector should not be able to avoid liability for unlawful debt collection practices simply by contracting with another company to do what the law does not allow it to do directly . . . [W]e think it is fair and consistent with the Act to require a debt collector who is independently obliged to comply with the Act to

1

monitor the actions of those it enlists to collect debts on its behalf." *Id.* at 325. The case was remanded for further proceedings consistent with these rulings.

The plaintiffs filed a motion for summary judgment on the measure of class damages and Asset Acceptance filed a cross-motion on the same issue. Both motions are fully briefed. For the reasons that follow, the plaintiffs' motion is granted, and Asset Acceptance's motion is denied.

**Discussion**

The civil liability provision of the FDCPA calls for actual and statutory damages for individuals and named class members, as well for attorney's fees and costs in the case of a successful action to enforce liability. 15 U.S.C. § 1692k(a)(1), (a)(2)(A), (a)(2)(B)(i), (a)(3). It also permits the recovery of additional damages for unnamed class members, the proper measure of which the parties dispute in the instant motions. The relevant portion of the Act states that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable . . . in the case of a class action . . . [for] such amount as the court may allow for all [unnamed] class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. § 1692k(a)(2)(B)(ii). It is undisputed that Fulton's net worth is $0 and that one percent of Asset Acceptance's net worth exceeds $500,000.

Asset Acceptance relies on traditional tort rules regarding vicariously liable parties to argue that its liability for class damages is coextensive with, but no greater than Fulton's liability under the statute, which is zero given Fulton's

2

insolvency. In support, Asset Acceptance directs the Court to Section 13 of the Restatement (Third) of Torts, which provides that "[a] person whose liability is imputed based on the tortious acts of another is liable for the entire share of . . . responsibility assigned to the other." Restatement (Third) of Torts: Vicarious Liab. § 13 (2000). Plaintiffs, on the other hand, argue that all liable debt collectors must be held separately to the penalties set forth in the statutory damages provision. Since Asset Acceptance is liable debt collector, the plaintiffs argue, the Court may award additional damages to unnamed class members taking Asset Acceptance's net worth into account.

The Court agrees with the plaintiffs for three reasons. First, the FDCPA civil damages provision does not distinguish between directly and vicariously liable debt collectors. Rather, it applies unambiguously to "*any* debt collector who fails to comply" with the Act. 15 U.S.C. § 1692k(a) (emphasis added). In recognition of the broad applicability of this provision, district courts in this circuit have permitted discovery on the net worth of multiple debt collectors in a single class suit. *See, e.g., Green v. Monarch Recovery Mgmt., Inc.*, 997 F. Supp. 2d 932, 934 (S.D. Ind. 2014) (permitting discovery of the net worth of the "true owner" of the alleged debt, the assignee of the debt for collection purposes, and a contracted third-party debt collector); *see also Nall v. Allied Interstate, LLC.*, 2015 WL 6529233, at * 2 (S.D. Ind. Oct. 27, 2015) (debt owner and debt collector); *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, (N.D. Cal. 2006) (same). They have done so on the basis that each debt collector's net worth is relevant to determining the appropriateness of class

certification and enabling meaningful settlement negotiations. *See id.* (citing authority); *see also Tripp v. Berman & Rabin, P.A.*, 310 F.R.D. 499, 507 (D. Kan. 2015) (considering the defendants' combined net worth in determining whether to certify the proposed class); *Hartley v. Suburban Radiologic Consultants, Ltd.*, 295 F.R.D. 357, 378 (D. Minn. 2013) (same). Inherent in these decisions is the understanding that *any* party found liable for violating the Act is accountable for statutory damages.[1] In other words, courts seem to agree that the civil damages provision in the FDCPA applies to all offending parties, the nature of their respective roles the in offense notwithstanding. The Seventh Circuit concluded that as a debt collector, Asset Acceptance's failure to ensure that Fulton adhered to the FDCPA—a law to which Asset Acceptance is itself bound—was sufficient to impose liability. If Asset Acceptance is liable for a violation of the Act, it is accountable for class damages under § 1692k(a)(2)(B)(ii).

Second, the violation here is statutory, not tortious. Vicarious liability in tort law is premised on ensuring that a financially responsible principal will respond if its agent harms a third party while acting on its behalf. The relative fault or actual conduct of the principal is irrelevant under this standard; liability is premised instead solely on the relationship between the principal and its agent. The FDCPA, quite differently, is premised on "eliminate[ing] abusive debt collection practices by

---

[1] This understanding is also reflected in *McWilliams v. Advanced Recovery Systems, Inc.*, 2016 WL 6208633, at *3 (S.D. Miss. Oct. 20, 2016), by the preliminary approval of a proposed class settlement wherein the defendant debt collectors agreed to contribute to a common fund for class damages in an amount determined by reference to one percent their combined net worth.

4

debt collectors" and "protect[ing] consumers against debt collection abuses." 15 U.S.C. § 1692. To advance this purpose, all debt collectors deemed responsible for a violation of the Act, whether by sending a violative letter or failing to monitor compliance, may be penalized. Asset Acceptance's liability is not "imputed" from Fulton's conduct in the common law sense. It derives from a failure to supervise, making it culpable in and of itself. *See Janetos*, 825 F.3d at 325 ("[W]e think it is fair and consistent with the Act to require a debt collector who is independently obliged to comply with the Act to monitor the actions of those it enlists to collect debts on its behalf.").

Third, if Asset Acceptance were permitted to hide behind Fulton's insolvency, it would be encouraged to outsource unethical debt collection practices to judgment-proof debt collectors like Fulton. This, of course, would undermine the purpose of the FDCPA. Another court opined in dicta that to avoid creating incentives contrary to public policy and to encourage debt collectors to monitor the activities of those collecting debts on their behalf, "[i]t would seem appropriate to apply the FDCPA's damages cap individually to each relevant Defendant." *Green*, 997 F. Supp. 2d at 937. Asset Acceptance has expressed concern that interpreting the statute this way would permit plaintiffs to collect duplicative damages. The Court agrees with Asset Acceptance (and the plaintiffs concede) that actual damages may not be double collected. The question of additional statutory damages, however, is a more complicated one, and the Seventh Circuit has not addressed how the statutory cap on class damages applies when multiple parties are found liable in connection with

5

the same violation. In this case, however, given Fulton's insolvency, that issue is not before the Court. Additional class damages assessed against Fulton will be zero, and additional class damages assessed Asset Acceptance will not exceed $500,000. Accordingly, the Plaintiffs will not double-collect. In consideration of the purpose of the statute, then, the Court concludes that the net worth of Asset Acceptance, a liable debt collector in its own right, is relevant to a determination of class damages.

Of course, as Asset Acceptance correctly points out, there is no guaranty that unnamed class members are entitled to additional damages at all. In determining the amount of class damages, courts must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional" in determining damages." 16 U.S.C. § 1692k(b)(2). It may be that Asset Acceptance took extraordinary measures to ensure Fulton's compliance with the Act. If that is the case, an award of statutory damages may be nominal if not entirely inappropriate. It may also be, however, as the plaintiffs suggest, that Asset Acceptance played a role in drafting or reviewing the violating letters. Whatever the case, the amount of additional damages owed is fact question, and one that will be answered by reference, in part, to the net worth of Asset Acceptance.

**Conclusion**

For these reasons, and for the reasons set forth orally at the status hearing on December 13, 2016, Plaintiff's motion [176] is granted and Defendant's motion [179] is denied.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: December 15, 2016