**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARY T. JANETOS and ERIK KING, individually and on behalf of a class, PAMELA M. FUJIOKA, and IGNACIO T. BERNAVE, individually, | Case No.: 12-1473 |
| Plaintiffs, | |
| vs. | Hon: Thomas M. Durkin |
| FULTON FRIEDMAN & GULLACE, LLP and ASSET ACCEPTANCE, LLC, | |
| Defendants. | |

**PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL**
**OF CLASS ACTION SETTLEMENT**

Plaintiffs, Mary T. Janetos and Erik King, individually and on behalf of a class ("Plaintiffs"), request pursuant to Fed. R. Civ. P. 23(b)(3) that the Court enter an order: (1) conditionally certifying the settlement class and subclass defined *infra*; (2) preliminarily approving a class action settlement as set forth in the Class Settlement Agreement attached hereto as Appendix 1; (3) directing notice to the conditionally certified class and subclass; and (4) setting dates for exclusions, objections, and a Fairness Hearing.

In support of their motion, Plaintiffs state as follows:

**(a)** **Background**

1.      Plaintiffs Janetos and King brought this action against FFG and Asset individually and on behalf of a class, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). Plaintiffs Fujioka and Bernave brought claims for individual relief under the FDCPA in the same case. Plaintiffs alleged that FFG and Asset violated Section 1692g(a)(2) of the FDCPA because letters sent by FFG failed to disclose the name of the creditor

- 1 -

to whom the debt identified in the Letter was owed. On July 21, 2014, this Court issued an Opinion and Order granting the motion of Janetos and King for Class Certification. (ECF No. 138). On April 13, 2015, this Court granted FFG's and Asset's Motion for Summary Judgment and denied Plaintiffs' Motion for Summary Judgment and dismissed the case. (ECF No. 153). On April 7, 2016, the United States Court of Appeals for the Seventh Circuit issued an Opinion reversing this Court's Order, holding that the letters at issue violated Section 1692g(a)(2) of the FDCPA, and remanding the case for further proceedings. *Janetos v. Fulton, Friedman & Gullace, LLP*, 825 F.3d 317 (7th Cir. 2016). This Court subsequently denied FFG's Rule 12(b)(1) motion to dismiss (ECF No. 194) and granted Plaintiffs' motion for summary judgment on the measure of class damages, holding that Asset's net worth may be considered when apportioning damages to the class. (ECF No. 208). On May 11, 2017, the parties participated in a settlement conference mediated by Judge Philip P. Simon and reached a settlement of all claims.

2.     Defendants deny that Plaintiffs or the certified class are entitled to damages. Nonetheless, Defendants and Plaintiffs consider it desirable that this action and Plaintiffs' claims be settled.

3.     The parties desire to settle the action based upon the terms and conditions set forth in the Class Settlement Agreement (the "Agreement") executed by the parties, attached hereto as Appendix 1.

**(b)     The Settlement Class**

4.     For settlement purposes, the parties have stipulated to the certification of one class and one subclass ("the Class") defined as follows:

> A.     All individuals in Illinois, based on Defendants' business records, to whom FFG sent a letter on or after March 1, 2011 and on or before March 21, 2012, in the form represented by Exhibit E to the Second Amended Complaint.

B.      A subclass of all individuals in Illinois to whom FFG sent a letter in care of their respective attorneys on or after March 1, 2011 and on or before March 21, 2012, in the form represented by Exhibit C to the Second Amended Complaint.

Excluded from the Class are persons who have filed a petition pursuant to Chapter 7 of the United States Bankruptcy Code (persons who have filed under Chapter 13 of the United States Bankruptcy Code are entitled to share in the settlement fund upon submission of a timely Claim Form). According to Asset's business records, 963 out of the original 15,059 class members have filed Chapter 7 bankruptcies, leaving approximately 14,094 in the Class.[1]

5.      The Class as defined meets all the requirements of Rule 23. Specifically:

(a)      Class members are ascertainable and so numerous that joinder of all members is impracticable;

(b)      There are questions of law or fact common to the Class, and there is a well-defined community of interest among Class members with respect to the subject matter of the lawsuit;

(c)      The claims of Plaintiffs are typical of the claims of Class members;

(d)      Plaintiffs have fairly and adequately protected the interests of the Class members;

(e)      A class action is superior to other available methods for an efficient adjudication of this controversy; and

(f)      The law firm of Edelman, Combs, Latturner & Goodwin, LLC is qualified to serve as counsel for the Class.

6.      Subject to the terms of the Agreement, Defendants have agreed to provide the following relief to Plaintiffs and the Class:

(c)      **The Settlement Fund**

---

[1] In additional two class members opted out of the original class.

Defendants will pay the total cash sum of $530,000 into a Settlement Fund in full and complete settlement of all claims of the Plaintiffs and the Class. The Settlement Fund will be used to furnish all payments to Plaintiffs, Pamela Fujioka and Ignacio Bernave, the Class, Class Counsel, and $27,600 to the Settlement Administrator. No portion of the Fund will be returned to Defendants and any money left in the Settlement Fund will be distributed in equal amounts to the Legal Assistance Foundation of Metropolitan Chicago, the Land of Lincoln Legal Assistance Foundation, and Prairie State Legal Services on a *cy pres* basis.

### (d)      Payments to the Plaintiff and Class Members

Plaintiffs Mary Janetos and Erik King will each receive $5,000.00 from the Settlement Fund for their statutory damages and in recognition of their services to the Class, for a total of $10,000. Additional plaintiffs, Pamela Fujioka and Ignacio Bernave, will each receive $1,000 for their actual and statutory damages, for a total of $2,000.

Each Class member who timely returns a valid claim form will be entitled to receive a *pro rata* share of $240,400.00. The FDCPA allows class members to recover up to 1% of a debt collector's net worth (maximum of $500,000). 15 U.S.C. § 1692k. One percent of Asset's net worth exceeds $500,000; one percent of FFG's net worth is $0. Depending upon the number of claims submitted, counsel estimates that each claimant will receive between approximately $16 and $160. And, to protect against the unlikely possibility of a lower than expected claim submission, the parties agreed that they would request further instruction from the Court if fewer than 1,000 claim forms are submitted. Appendix 1, ¶ 18.

### (e)      Plaintiff's Attorneys' Fees and Costs

Within thirty (30) days of the entry of the Preliminary Approval Order, Plaintiffs will move the Court for an award of attorneys' fees and costs to be paid from the Settlement Fund to Class Counsel in an amount of $250,000. *Cf. Pierce v. Visteon Corp.*, Case No. 14-2542, 2015

WL 3985985, *4 (7th Cir. July 1, 2015) (in cases brought pursuant to fee-shifting statutes, class counsel should not be paid from "common fund" meant to compensate class members). Defendants have agreed not to object to an award up to this amount. Appendix 1, p. 5.

**(f)** **Class Notice Plan & Class Members' Objection Rights**

Within thirty (30) days of the entry of the Preliminary Approval Order, the Settlement Administrator will cause the Class Notice (in a form substantially similar to that attached hereto as Exhibit A to Appendix 1), to be sent via first class U.S. mail, postage prepaid to each Class member identified on the class list prepared by Asset. Before sending the Class Notice, the Settlement Administrator will obtain updated addresses through the National Change of Address Database. The Settlement Administrator will also perform a skip trace on any Class members whose notices are returned by the Postal Service without a forwarding address and re-mail the Class Notice if a current address is found. All Class Notice and other administration costs will be paid from the Settlement Fund. Class members will have 90 days from the date of the Preliminary Approval order (approximately 60 days from the mailing of the notice) to submit claim forms or file an objection to the settlement. Class members will not have the right to opt-out of the Class as they were previously given that opportunity when Class Counsel sent a "Notice of Pendency" to the class members after the Court granted Plaintiffs' Motion for Class Certification.

**(g)** **Reasons to Approve the Settlement**

7. The Court should give preliminary approval to the settlement because it is a fair and reasonable compromise of disputed claims that have been litigated since 2011. The amount being recovered by Class members, assuming a ten percent response rate, which is common in cases of this sort, is approximately $170. That is an excellent recovery for the nature of the violation alleged. The settlement, moreover, avoids the potential pitfalls identified by the

Seventh Circuit in *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014), *Redman v. RadioShack Corp.,* 768 F.3d 622 (7th Cir. 2014), and *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014) respectively.

8.    Unlike *Pella*, 753 F.3d at 722, 723-724, there is no conflict of interest here between the named Plaintiffs and the Class because Plaintiffs share no familial relationship with any Class counsel. And unlike *Pella*, 753 F.3d at 724, there is no conflict of interest between Plaintiffs' counsel and the Class. The settlement agreement does not provide for the payment of attorney's fees to Plaintiff's counsel before the notice being sent to the class. *Id*.

9.    Nor is the settlement "stacked against the class." *Id*. Here, the notice is simple and direct. The claim form does not require a claimant "to submit a slew of arcane data", *id.* at 725, or provide "needlessly elaborate documentation", *NBTY*, 772 F.3d at 784. Instead, the claim form simply requires a signature (assuring that the recipient of the notice is the actual class member and will cash a check).

10.    Unlike *RadioShack*, the instant settlement does not involve coupons, which by their nature make it difficult to value a settlement. *RadioShack*, 768 F.3d at 635-637. Here, there is no difficulty valuing the settlement. The settlement contemplates the creation of a $530,000 Settlement Fund. Out of the fund, $5,000 will be paid to Plaintiffs Janetos and King each for their statutory damages and their services to the Class, plaintiffs Fujioka and Bernave will each receive $1,000 for their statutory damages, $27,600 will be paid to the Settlement Administrator for administration of the Settlement, Class Counsel will be paid up to $250,000, and the $240,400 balance will be paid to the 14,094 Class members who timely submit claim forms. Assuming a 10% response rate, each of 1,409 Class members will receive approximately $170, an excellent recovery for Class members with claims for statutory damages only under the FDCPA relating to the sending of a letter.

11. As in *RadioShack*, the instant settlement contains a "clear-sailing" provision. But the features of the *RadioShack* settlement that gave rise to the Seventh Circuit's concerns are not found here. *RadioShack* admonished courts to scrutinize clear-sailing clauses in cases "involving a non-cash settlement award to the class", *id.* at 637, because the value of such settlements to a class is unclear. A settlement with a difficult-to-determine value "complicates the difficulty faced by the district court in determining an appropriate attorneys' fee, and a clear sailing clause exacerbates the difficulty further by elimination objections to an excessive fee by the defendant." *Id.* The instant settlement, an unambiguous cash settlement, provides precisely $280,000 for the Class, Plaintiffs, and the Settlement Administrator. As such, the Court does not need the benefit of a contested fee petition to compare the settlement's value to the proposed award of $250,000 for attorney's fees and costs.

12. In *NBTY*, the court also expressed concern about the settlement's *cy pres* distribution. The Settlement here does not raise the same concerns. In *NBTY*, the maximum any class member could receive was $3; when very few people claimed, more than half of the money allocated to the class was donated to *cy pres*. *NBTY* stated that money should go to *cy pres* "only if it's infeasible" to give the money to the class members themselves. *NBTY*, 772 F.3d at 784. Here, in contrast, it is unlikely that it will unfeasible to distribute most or all of the money in the fund to the Class. There is no cap on a class member's recovery. Consequently, unlike *NBTY*, there is much greater incentive for a class member (a) to submit a claim, and (b) to cash the settlement check once received.

13. Finally, in all three cases, *Pella*, *RadioShack*, and *NBTY*, the Seventh Circuit expressed concern that class counsel would be awarded too much under the settlement, relative to the amount being paid to the class. The Seventh Circuit articulated a "presumption" for assessing the fairness of the fee award: "attorneys' fees awarded to class counsel should not

exceed a third or at most a half of the total amount of money going to class members and their counsel." *NBTY*, 772 F.3d at 782; *see also RadioShack*, 768 F.3d at 630. As the Seventh Circuit recently noted, however, the presumption is not irrebuttable. *In re Sears, Roebuck & Co. Front-Loading Washer Prod. Liab. Litig.*, No. 16-3554, 2017 WL 3470400, at *2 (7th Cir. Aug. 14, 2017) (approving attorney fees of $2.7 million where class was likely to receive no more than $900,000).

Here, the settlement contemplates payment of $250,000 to class counsel, representing less than half of the $530,000 being paid to class counsel, the Class, the Plaintiffs, and the Settlement Administrator combined. Under *NBTY, RadioShack*, and *Sears*, therefore, Plaintiffs' counsel's fees are reasonable. Plaintiff's counsel's fees are reasonable even without reference to *NBTY* and *RadioShack* because the $250,000 is less than Plaintiffs' counsel's actual lodestar.

14.     Finally, the Seventh Circuit's presumption cannot reasonably be applied to an FDCPA class case. Unlike the Fair and Accurate Credit Transactions Act at issue in *RadioShack* and the various state consumer protection laws in *NBTY*, the FDCPA limits a class's recovery to the lesser of 1% of a defendant's net worth or $500,000. 15 U.S.C. §1692k(a)(B). Because of that cap, in an FDCPA case, a plaintiff's attorney's fees may often *exceed* the class's recovery if the net worth of the defendant is relatively modest or defendant's counsel forces plaintiff's counsel's attorney's fees to skyrocket due to needlessly aggressive litigation tactics. Nothing in *NBTY* or *Radio Shack* remotely suggests that the Seventh Circuit intended its presumption to be applied in an FDCPA case.

16.     The settlement in the instant case, which was reached in the course of a settlement conference with Judge Simon, is fair and reasonable and deserves preliminary approval because it is "within the range of possible approval." *Zolkos v. Scriptfleet, Inc.*, 12-8230, 2014 WL 7011819, *2 (N.D. Ill. Dec. 12. 2014). The preliminary approval hearing "is not a fairness

hearing; its purpose, rather, is to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing." *Id. Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, No. 07 C 2898, 2011 WL 3290302, at *6 (N.D. Ill. July 26, 2011) (same).

17.     Plaintiffs' counsel has conferred with counsel for the defendants, who have stated that they do not oppose the relief sought in this motion.

WHEREFORE, Plaintiffs request pursuant to Fed. R. Civ. P. 23(b)(3) that the Court enter an order: (1) conditionally certifying the settlement classes defined *supra*; (2) preliminarily approving a class action settlement as set forth in the Class Settlement Agreement attached hereto as Appendix 1; (3) directing notice to the conditionally certified classes; and (4) setting dates for exclusions, objections, and a Fairness Hearing.

Respectfully submitted this 27th day of September, 2017.

s/ Francis R. Greene
Daniel A. Edelman, Esq.
Cathleen M. Combs, Esq.
James O. Latturner, Esq.
Francis R. Greene, Esq.
EDELMAN, COMBS, LATTURNER
& GOODWIN LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603
Telephone: (312) 917-4500
Facsimile: (312) 419-0379
E-Mail: dedelman@edcombs.com
E-Mail: ccombs@edcombs.com
E-Mail: jlatturner@edcombs.com
E-Mail: fgreene@edcombs.com

*Attorneys for Plaintiffs*